FORT WORTH AND DENVER CITY RAILWAY COMPANY v. A. D. HARDIN.

Decided November 25, 1905.

**1.—Personal Injuries—Qualified Passenger—Repeating Charges.**

Plaintiff was on a freight train in charge of hogs and chickens and was injured while the train was switching at a station; in the contract of carriage it was stipulated that plaintiff "would get on and be on no freight train or other car while switching was being done at stations." Held, it was a question of fact for the jury to determine under all the circumstances whether or not the defendant should have been held to that high degree of care required of carriers of passengers, and it was reversible error for the court to single

out and twice submit to the jury as a circumstance for their consideration the duty of appellant to use the utmost care to discover the presence of the plaintiff in the car in time to avoid injuring him.

**2.—Relation of Carrier and Passenger—Termination.**

A traveler does not always cease to be a passenger when he ceases to ride; his rights as a passenger depends upon whether or not the relation of carrier and passenger has entirely ceased.

Error from the District Court of Clay County. Tried below before Hon. A. H. Carrigan.

*Spoonts & Thompson* and *J. H. Barwise, Jr.,* for plaintiff in error.— "The uncontroverted testimony showed that the plaintiff was not a passenger at the time of his injury, and the court erred in not so instructing the jury." Mobile & Ohio R. R. Co. v. Bogle (Tenn.), 46 S. W. Rep., 760; St. Louis S. W. Ry. Co. v. Rice, 29 S. W. Rep., 525; Orcutt v. Northern Pac. Ry. Co., 47 N. W. Rep., 1068, 45 Minn., 368; Chicago, etc., Ry. Co. v. Frazer (Kan.), 40 Pac. Rep., 923; Fanning v. St. Louis S. W. Ry. Co., 12 Texas Ct. Rep., 688.

"The court erred on the trial hereof in not submitting to the jury the question as to whether or not the plaintiff was a passenger, and erred in taking from the jury the question of fact as to whether or not he was a passenger, and in submitting to the jury the plaintiff's case upon the theory that he was a passenger." A. D. Hardin v. Ft. Worth & D. C. Ry. Co., 8 Texas Ct. Rep., 714; Ormond v. International & G. N. Ry. Co., 60 Texas, 180, 62 Texas, 274; Texas & Pac. Ry. Co. v. Dick, 63 S. W. Rep., 895.

The court having instructed the jury, in substance and in effect in its main charge, that it was the duty of the operatives of the defendant to have exercised the utmost care to have known of plaintiff's presence in the car at the time the coupling was made, it was, hence, upon the weight of the evidence and misleading, to the prejudice of the defendant, for the court to again instruct the jury in the special charge referred to, to the effect that the operatives should have exercised the utmost care to have discovered plaintiff's presence in the car.

*L. C. Barrett, G. A. Watts* and *W. T. Allen,* for defendant in error.— The uncontroverted testimony showed that the appellee was a passenger if he was in the car at the time of the coupling and was injured. Texas Cent. Ry. v. O'Loughlin, 6 Texas Ct. Rep., 849; Galveston, H. & S. A. Ry. v. Parsley, 25 S. W. Rep., 64; El Paso & N. W. Ry. Co. v. McComas, 6 Texas Ct. Rep., 837; Hardin v. Fort Worth &.D. C. Ry. Co., 8 Texas Ct. Rep., 714; Missouri, K. & T. Ry. Co. v. Huff, 9 Texas Ct. Rep., 77.

Plaintiff being a passenger, and having ridden in the car all the day before, and being seen in there that morning, having been told to ride in there by the agent, he should be held to have been a passenger when injured, and appellant should be charged with the knowledge of that fact. Houston & T. C. Ry. Co. v. Batchler, 7 Texas Ct. Rep., 483; St. Louis & S. W. Ry. v. Wallace, 7 Texas Ct. Rep., 739; Hardin v. Fort Worth & D. C. Ry. Co., 8 Texas Ct. Rep., 714; San Antonio Traction Co. v. Crawford, 6 Texas Ct. Rep., 388.

The contract with the prohibitive clause in it was never read by appellee, and was not known to the agents and servants of appellant to this transaction; if known, they ignored it. Hardin v. Fort Worth & D. C. Ry. Co., 8 Texas Ct. Rep., 714; Mexican Cent. Ry. v. Lauricella, 26 S. W. Rep., 301; Ormond v. Haynes, 60 Texas, 180; Missouri, K. & T. Ry. v. Overfield, 47 S. W. Rep., 684; Galveston, H. & S. A. Ry. v. Cooper, 20 S. W. Rep., 990; Texas & Pac. Ry. v Dick, 63 S. W. Rep., 895; Houston & T. C. Ry. v. Batchler, 7 Texas Ct. Rep., 483; St. Louis & S. W. Ry. v. Wallace, 7 Texas Ct. Rep., 739; San Antonio Traction Co. v. Crawford, 7 Texas Ct. Rep., 386; Hutchison on Carriers, sec. 501; id., sec. 538 a; 9 Cent. Dig., col. 1014; Elliot on Railroads, secs. 1592, 1578, 1464.

The court did not err in charging that plaintiff was a passenger if he was in the car at the time the coupling was made, there being no conflict in the evidence as to the fact. That the plaintiff and his car had not reached their destination, and plaintiff had not had a reasonable time to unload his car and leave the premises of appellant, there is no doubt. Nor is there or was there any conclusion that could ·be drawn from the facts in evidence, except that the car, after appellee became a passenger on it, had not reached its destination. Chicago, R. I. & T. Ry. Co. v. Buie, 7 Texas Ct. Rep., 279; Arrington v. Texas & Pac. Ry. Co., 6 Texas Ct. Rep., 69.

When a charge, in substance, is repeated, and on an issue about which there is no doubt, it is not calculated to mislead the jury, and, if error, it is harmless. Martin v. Missouri Pac. Ry. Co., 22 S. W. Rep., 195, 196; Brady v. Georgia Ins. Co., 59 S. W. Rep., 915; International & G. N. Ry. Co. v. Leak, 64 Texas, 657; Continental Ins. Co. v. Preuitt, 65 Texas, 129.

STEPHENS, ASSOCIATE JUSTICE.—On a former trial of this case, resulting in a judgment for the railway company, the court made ordinary care the test of liability, and refused to submit to the jury the question of liability arising out of the relation of carrier and passenger. That judgment was consequently reversed, this court holding that the trial court should, at least, have left it to the jury to determine whether or not A. D. Hardin had ceased to be a passenger when he was injured. (Hardin v. Fort Worth & D. C. Ry. Co., 8 Texas Ct. Rep., 714.) On the last trial, in submitting the case to the jury, the court treated Hardin as a passenger, and the jury returned a verdict in his favor. The issue was thus submitted in the charge:

"You are instructed that it was the duty of the defendant, its agents, servants and employes, on the occasion in controversy, to use such care and caution in order to avoid causing or doing injury to the plaintiff herein, at the time in question, as a very cautious and prudent person, under like circumstances, would have exercised—that is, what is called the utmost care and caution—and the failure to exercise such care and caution is negligence. And if you find, and believe from the testimony, that the plaintiff was in the car at the time the coupling in question was made, and that the defendant's employes, without notice to the plaintiff, ran an engine against said car in which plaintiff was, and injured him, knowing that the plaintiff was in said car, or if, in the ex-

ercise of the utmost care, they would have known it, and that they were guilty of negligence in so doing, if they did so, and this was the proximate cause of such injury, if any, then you will find a verdict for the plaintiff, and assess his damages as hereinafter stated."

At the instance of Hardin the issue was further submitted as follows: "If you believe from the evidence that the agents for the defendant operating the train would have, by the utmost care, known the plaintiff was in the car at the time of the coupling, and that they negligently struck it and hurt him, you will find for the plaintiff."

It was alleged, as one ground of recovery, "that defendant, its agents and servants, in the use of ordinary care, would have discovered plaintiff's presence in said car, and his danger of being [hurt] by running against said car with said engine; but they failed to exercise such care, by reason thereof was guilty of negligence, which was the proximate cause of said injury," the petition, however, having already alleged that appellee was a passenger at the time he was injured.

In singling out and twice submitting to the jury, as a circumstance for their consideration, the duty of appellant to use the utmost care to discover the presence of appellee in the car in time to avoid injuring him, the court, in our opinion, erred, to the prejudice of appellant. The law imposes on a railway company, as a common carrier, the duty of using that high degree of care for the safety of its passengers which very cautious and prudent persons would exercise under like circumstances. But whether very cautious and prudent persons, operating a train under the circumstances attending the injury in question, would have used the utmost care to discover the presence of Hardin in the car, at the time of the coupling, was a question of fact for the jury, and one, too, about which there might arise difference of opinion. At best, Hardin was but a qualified passenger, being on a freight train loaded with household goods, hogs, chickens, etc., and carried along for the purpose of taking care of the hogs and chickens. In the contract of carriage was the stipulation that "he would get on and be on no freight train or other car while switching was being done at stations." He was expecting the return of the train crew with the engine that morning to Henrietta, where they had left him the evening before to go to Wichita Falls for the night, with the understanding that they would, on their return, take his car to the track—some half mile away—where it was to be unloaded. The crew returned that morning between eight and nine o'clock, and for aught we know, very prudent and cautious persons, under like circumstances, would have assumed that Hardin would not be in the car fixing to feed the hogs and chickens at that particular hour, but rather that he would be on the lookout for the expected return of the engine and keep out of the car, especially as he had obligated himself not to be in the car while switching was being done at stations. This feature of the contract of carriage was not in the case on the former appeal, but was, at least, a circumstance, in connection with others, for the consideration of the jury in determining whether persons of the highest prudence, situated as the trainmen were, would have suspected the presence of Hardin in the car at the time the coupling was made. It is contended, however, in behalf of appellee, that making the coupling, and carrying the car from one side-track to another at Henrietta,

did not constitute switching within the meaning of the contract, but no proof was offered on this subject, and whether it did or not, all parties may have so construed it, which, if true, would entitle their conduct to be interpreted by the jury in the light of that fact. But leave this feature out, and it was yet for the jury to say whether very prudent persons, in the situation of the train crew, would have anticipated that Hardin would be in the car for the purpose of riding to the end of the journey with the hogs and chickens at a time when, obviously, it could not be moved for want of an engine. Indeed, he does not claim in his testimony to have been in there for that purpose, but only to feed the hogs and chickens, and, as we have already seen, it was for the jury to say whether his presence in the car for that purpose at that particular hour should have been anticipated and discovered, uninfluenced by the prominence given in the charge to this feature of the transaction by its being singled out and repeated. We need scarcely add, in view of the quotation above made from the petition, that the failure to use the utmost care to discover his presence in the car was not distinctly made a ground of recovery, but only the failure to use ordinary care.

It is insisted on the part of appellant that the court erred in treating appellee as a passenger instead of submitting that issue as one of fact to the jury, but, as there was little or no controversy about the facts in this respect, we do not concur in this view, although it was held on the former appeal that the court should have, at least, submitted it to the jury. It is also insisted, as it was on the former appeal, that the court should have treated him as not being a passenger. Whether he was a passenger or not is a question of some difficulty, but we are still of the opinion that that relation had not entirely ceased when he was injured, since the company had undertaken to carry him, with the contents of the car, to the place where the car was to be unloaded, and, admittedly, this had not been done the evening the train reached Henrietta, those in charge of the train promising to return the next morning to complete the transportation, not so much that it was important that appellee should be carried as that his duty to the owner of the contents of the car required him to look after the same as long as the transportation continued, and appellant had undertaken to carry him so long as his presence would be required for that purpose. It is well settled that a traveler does not always cease to be a passenger when he ceases to ride, his rights as a passenger depending upon whether or not the relation of carrier and passenger has entirely ceased, as was more fully shown in the opinion of Justice Speer on the former appeal.

Because the charge was on the weight of the evidence, as indicated above, the judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*